*Fox, for appellants.*

---

JAMES K. PATTERSON *v.* DARIUS FIELD, ETC.

**Principal and Surety—Mortgage Taken by Payee on Property of Payor Does Not Increase Risk of Surety—Proceeds of Mortgage Must be Applied to Note.**

The fact that Wing, the agent for the appellant, Patterson, took from Darius Field a mortgage on the crop of tobacco then in his possession to secure the payment of the note sued on, could not

have increased the risk of Mrs. Field, the surety, nor have prevented her from taking steps at any time to indemnify herself against apprehended loss.  But the proceeds of the mortgage should have been applied to the judgment.

**Bills and Notes—Credit by Mistake.**

The mere fact that Wing entered a credit of $500 on the note under the erroneous belief that the tobacco, when sold, would net that amount, does not commit the appellant to the credit.

**Fraudulent Conveyance—Conveyance by Husband—Wife to Enjoy Profits.**

The conveyance to C. H. Hyness, upon its face, develops the fact that it was intended merely to invest him with the title to the land conveyed, whilst Mrs. Field and her family were to continue to enjoy its profits.  Such conveyance cannot be upheld against creditors.

APPEAL FROM DAVIESS CIRCUIT COURT.

September 19, 1871.

OPINION BY JUDGE LINDSAY:

The fact that Wing, the agent for the appellant, Patterson, took from Darius Field a mortgage on the crop of tobacco then in his possession to secure the payment of the note sued on, could not have increased the risk of Mrs. Field, the surety, nor have prevented her from taking steps at any time to indemnify herself against apprehended loss.  Hence, the acceptance of the mortgage did not release her from liability as surety on the note.

Wing, as agent for Patterson, held the tobacco so mortgaged for the benefit as well of Mrs. Field as of his principal.  He was bound to apply the proceeds of the same to the judgment on the note, and in so far as he failed to do so, Mrs. Field is entitled to be relieved.

The agreement that the tobacco should be sold to a New York firm was made without the consent of appellee and, of course, she is not committed to the result of the venture.  She has the right to insist that the note shall be credited by the net value of the tobacco in Daviess county at the time it ought to have been ready for market, and if less than that amount was realized by the shipment to New York the loss must be borne by appellant and not by her.

It is, however, shown by oral testimony, that at the time of the execution of the mortgage there was an execution lien upon

the tobacco. This lien, of course, was superior to that of the mortgage, and if he has been compelled to discharge it, to that extent he is not chargeable with the value of the tobacco.

The mere fact that Wing entered a credit on the note for the five hundred dollars advanced to him under the erroneous belief that the tobacco would, when sold, net that amount, does not, in our opinion, commit the appellant to that credit.

The note should first be purged of usury. Then the value of the crop of tobacco in Daviess county at the time it should have been put upon the market should be ascertained, and this amount less the execution lien (if one existed) should be credited on the note and judgment rendered against Mrs. Field for such balance as may remain unpaid.

The conveyance to S. H. Hyness upon its face develops the fact that it was intended merely to re-invest him with the title to the land conveyed, whilst Mrs. Field and her family were to continue to enjoy its profits. Such conveyances cannot be upheld as against creditors.

Upon the return of the cause such portion of the land (not exempt from sale under execution) as may be necessary, should be subjected to the payment of any judgment appellant may recover against Mrs. Field.

Judgment reversed and the cause remanded for further proceedings consistent with this opinion.

*Kinkead, Buckner, Weir,* for appellant.

*Sweeney & Sweeney,* for appellee.